PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

**FILED**
MAY 3 - 2016
Clerk, U.S. District Court
Texas Eastern

# IN THE UNITED STATES DISTRICT COURT

FOR THE _____EASTERN_____ DISTRICT OF TEXAS

_____SHERMAN_____ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

Johnny Richard

**PETITIONER**
(Full name of Petitioner)

Huntsville Unit, TDCJ-CID

**CURRENT PLACE OF CONFINEMENT**

01845432

**PRISONER ID NUMBER**

vs.

4:16cv293

William Stephens, Director TDCJ

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

Clark/Bush

## INSTRUCTIONS - READ CAREFULLY

1.    The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.    Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.    When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.    If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.     Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.     When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.     Petitions that do not meet these instructions may be returned to you.

---

# PETITION

**What are you challenging?** (Check <u>only</u> one)

| | | |
|---|---|---|
| XXXX | A judgment of conviction or sentence, probation or deferred-adjudication probation | (Answer Questions 1-4, 5-12 & 20-23) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14, & 20-23) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-23) |

**All petitioners must answer questions 1-4:**

1.     Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
     336TH District Court of Fannin County, Texas

2.     Date of judgment of conviction:   02/27/2013

3.     Length of sentence:   Thirty (30) years.

4.     Nature of offense and docket number (if known):   Delivery of a Controlled Substance, penalty group 3, under 28 grams. No. CR-12-24305.

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one)

     XXXX  Not Guilty    ☐  Guilty    ☐  Nolo contendere

6.     Kind of trial: (Check one)  XXXX  Jury    ☐  Judge Only

     CONTINUED ON NEXT PAGE

7.   Did you testify at the trial?   ☐   Yes   XXXX   No

8.   Did you appeal the judgment of conviction?   XXX   Yes   ☐   No

9.   If you did appeal, in what appellate court did you file your direct appeal?

Sixth Appeal District of Texas   Cause Number (if known) 06-13-68-CR

What was the result of your direct appeal (affirmed, modified or reversed): Affirmed.

What was the date of that decision?   March 20, 2014.

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: Dismissed as untimely, after extension of time to file granted.

Date of result: June 04, 2014   Cause Number (if known): PD-0418-14

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result:   N/A

Date of result:   N/A

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

XXXX   Yes   ☐   No

11.   If your answer to 10 is "Yes," give the following information:

Name of court:   Texas Court of Criminal Appeals

Nature of proceeding:   Texas Code of Criminal Procedure art. 11.07
State of Texa Habeas Corpus.
Cause number (if known):   WR-82,949-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.   January 21, 2015

Grounds raised:   Ineffective assistance of counsel, out of time appeal.

CONTINUED ON NEXT PAGE

Date of final decision: _____January 13, 2016_____

Name of court that issued the final decision: _Texas Court of Criminal Appeals._

As to any _second_ petition, application or motion, give the same information:

Name of court: _____N/A_____

Nature of proceeding: _____N/A_____

_____

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court.
_____N/A_____

Grounds raised: _____N/A_____

_____

_____

Date of final decision: _____N/A_____

Name of court that issued the final decision: _N/A_____

_If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion._

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
                                        N/A
                                ☐   Yes        XⓍⓍX   No

       (a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

              _____N/A_____

              _____

       (b)    Give the date and length of the sentence to be served in the future: _N/A_____

              _____

       (c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?
                                                        N/A
              ☐     Yes          ☐     No

**Parole Revocation:**

13.   Date and location of your parole revocation: N/A _____

14.   Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

   N/A

   ☐   Yes          ☐   No

   If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

   N/A

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes          ☐ No   N/A

16.   Are you eligible for mandatory supervised release?          ☐ Yes          ☐ No   N/A

17.   Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

   _____N/A_____

   Disciplinary case number: N/A _____

18.   Date you were found guilty of the disciplinary violation: N/A _____

   Did you lose previously earned good-time credits?          ☐ Yes          ☐ No   N/A

   Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

   _____N/A_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

   N/A

   ☐   Yes          ☐   No

   If your answer to Question 19 is "yes," answer the following:

   Step 1  Result: _____N/A_____

   _____

   Date of Result: _____N/A_____

   Step 2  Result: _____N/A_____

   _____

CONTINUED ON NEXT PAGE

Date of Result: _____N/A_____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   **CAUTION:**
   <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
   <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

                    CONTINUED ON NEXT PAGE

A.   **GROUND ONE:** <u>Ineffective assistance of trial counsel, a</u>
<u>deficient performance that affected the outcome of the trial.</u>

**\*\*SEE BRIEF FOR DETAILS\*\***
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
Two accomplices, one in fact the other in law, testified linking
Richard to the offense. This testimony could only be coorborated
by the use of an audio/video recording made by the CI accomplice.
No timely properly supported motion to suppress this recording
was made by counsel. The recording was made without a warrant inside
the home of the defendant, Richard. This evidence was excludable.
This evidence was likely the single factor resulting in a guilty
verdict. No evidence of the crime being committed within 1000 feet
of a school zone was presented, none. All the evidence presented
concerning the school zone was presented at the guilt innocence
stage, and this evidence was to be presented at punishment. This
was highly prejudicial.     **\*\*\*SEE BRIEF FOR DETAILS\*\*\***

B.   **GROUND TWO:** <u>Ineffective assistance of sentencing counsel, a</u>
<u>deficient performance that affected the enhancement of sentence.</u>

**\*\*SEE BRIEF FOR DETAILS\*\***
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
Counsel did no investigation of the priors in this case, and admitted
this at sentencing. He would have discovered that on direct appeal
the court determined that the federal conviction had been probated
and could not be used. Richard was never in jail or convicted in
the parish in LA and that Richard was unrepresented in one of the
LA convictions. These priors were not appropriate to use for enhance-
ment. The sentence thus exceeded the maximum. Moreover, Richard
was not linked to the any of the state priors. Appellate counsel
should have presented these issues on appeal as either ineffective
assistance of counsel or sentencing issues that were not proven.
He did not and this resulted in the court of appeals rejecting
this argument.     **\*\*SEE BRIEF FOR DETAILS\*\***

C.   **GROUND THREE:** <u>An out of time Petition for Discretionary</u>
<u>Review is warranted as the delay was not attributeable to Richard.</u>

**\*\*SEE BRIEF FOR DETAILS\*\***
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
Richard was granted an extension of time to file a petition for
rehearing on his direct appeal. An order for the entire record
to be furnished was enterd by the appeals court. However, the record
was not furnished to Richard by the trial court clerk until after
the deadline to file had expired despite his diligence. Richard
attempted to file a petition for rehearing, which was mis-construed
as a Petition for Discretionary Review, which was dismissed as
untimely. Richard attempted to correct this error to no avail.

**\*\*SEE BRIEF FOR DETAILS\*\***

                    CONTINUED ON NEXT PAGE

D.    **GROUND FOUR:** _____ N/A _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____ N/A _____

_____

_____

_____

_____

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

      ☐     Yes          XⓍXX    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____ N/A _____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

      ☐     Yes          XⓍXX    No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____

_____

                    CONTINUED ON NEXT PAGE

23.  Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐     Yes          XXXX   No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

N/A

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

N/A
Signature of Attorney (if any)

*Johnny Richard*
Johnny Richard, Petitioner, pro se
N/A

N/A

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on March 31, 2016 (month, date, year).

Executed on March 31, 2016 (date).

*Johnny Richard*
Signature of Petitioner (required)
Johnny Richard

Petitioner's current address: Huntsville Unit, 815 12TH St., Huntsville, TX 77348.